IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANNON M. ABEL, BRADLEY S.
PHILLIPS, and LAURA L. MURPHY
individually and on behalf of all those
similarly situated,

              Plaintiffs,

vs.

KEYBANK USA, N.A., JP MORGAN
CHASE BANK, and BANK ONE
NATIONAL BANKING ASSOCIATION,

              Defendants.

Case No. 1-03-CV-524

Judge Patricia A. Gaughan

## FINAL ORDER AND JUDGMENT
## APPROVING THE CLASS ACTION SETTLEMENT

The Plaintiffs, Shannon M. Abel, Bradley S. Phillips and Laura L. Murphy (collectively "Plaintiffs"), in their individual capacity and on behalf of the class members described herein, and a class of persons similarly situated, and defendants KeyBank USA, NA ("KeyBank"), JP Morgan Chase, and Bank One (collectively, "Defendants"), have moved this Court for an order granting final approval of the class action settlement between the Plaintiffs and Defendants, a copy of which is attached hereto as Exhibit A.

Having certified a settlement class as provided in Section II, Paragraph E of said Settlement Agreement and having granted preliminary approval of the settlement therein, by order dated April 20, 2005, and upon reading the Declaration of Chris Casper (the "Casper Affirmation") dated July 19, 2005, and considering all of the proceedings heretofore, and a motion having come to be heard before the Court (Gaughan, J.) on July 18, 2005, and the Court

EXHIBIT 2

M123157.1

having held a final approval hearing on July 18, 2005, and Plaintiffs having produced affidavit showing that, pursuant to the aforementioned preliminary approval order of the Court, notice was sent via first class mail to forty nine (49) class members' last known mailing addresses provided by Defendant KeyBank, and no class members timely requested exclusion from the settlement following such notices and no class members having objected to the settlement, the Court having given due deliberation to all of the following hereby ORDERS, ADJUDGES and DECREES as follows:

1. **Definitions**. Unless otherwise defined herein, for the purpose of this final approval order of judgment ("Final Judgment"), the Court adopts by reference the definition set forth in the definitions section of the Settlement Agreement, a copy of which is attached hereto as Exhibit A.

2. **Notice**. The Court finds that the distribution of the notice as provided for in the preliminary approval order and Settlement Agreement constituted the best notice practicable under the circumstances to all persons within the definition of the class and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. **Final Approval.** The Court finds that the Settlement Agreement is fair, reasonable, and adequate, and accordingly, the Court finally approves the Settlement Agreement and the Release of Claims in Section II, H-I, directs that the settling parties implement the settlement provided in such Settlement Agreement, and in Section VI.

4. The Court hereby dismisses with prejudice the class action and all claims contained therein, and all released claims therein.

5. All parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6. **Use of Settlement-Related Documents.** Neither the Settlement Agreement, nor the judgment, nor any act performed or documents executed pursuant to, or in furtherance of, this settlement: (i) is or may be deemed to be or may be used as an admission of or evidence of the validity of any of the released claims or any wrongdoing or liability of any of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of or evidence of any fault or admission of Defendants in any civil, criminal, administrative or other proceeding, whether currently pending or not, in any court, administrative agency, tribunal or proceeding.

7. **Jurisdiction.** The Court finds that it has jurisdiction over the subject matter of the class action, the class representatives, other class members and Defendants. The Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance of administration of the Settlement Agreement and/or judgment.

8. **Award to Named Plaintiffs as Set Forth in the Settlement Agreement.** The Court awards each an award of $1,000 to each of the class representatives, Shannon M. Abel, Bradley S. Phillips, Laura L. Murphy, to be paid to them as set forth in Section VI, Paragraph (B) of the Settlement Agreement.

9. **Entry of Judgment.** There being no just reason to delay entry of this judgment, the Clerk of The Court is ordered to enter this judgment forthwith.

SO ORDERED. THIS __20th__ day of __July__, 2005.

/s/ Patricia A. Gaughan
The Hon. Patricia A. Gaughan

M123157.1

- 3 -