UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shannon M. Abel, individually and on behalf of those similarly situated, et al., | ) ) ) ) | CASE NO. 03 CV 524 |
| Plaintiffs, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Keybank, U.S.A., N.A., et al., | ) ) | Memorandum of Opinion and Order |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion for Award of Attorneys' Fees (Doc. 104). This case arises out of loan documents issued by defendant Keybank in connection with plaintiffs' student loans. For the reasons that follow, the motion is GRANTED. Plaintiffs' counsel is hereby awarded fees in the amount of $196,941.25 and costs in the amount of $14,458.49.

**FACTS**

Plaintiffs, Shannon M. Abel, Bradley S. Phillips and Laura L. Murphy, brought this class

1

action lawsuit against defendants, KeyBank USA, N.A., JP Morgan Chase Bank and Bank One National Banking Association, asserting wrongdoing in connection with the issuance of plaintiffs' student loans.

Plaintiffs are former students of Solid Computer Decisions (hereafter "SCD"). Plaintiffs each entered into a student enrollment contract with SCD that contained certain financial terms and disclosures related to student loans. The enrollment contract is a standardized, preprinted form contract. Thereafter, the students were presented with a promissory note issued by Key.

Plaintiffs alleged that the disclosures made by Key with respect to the annual percentage rate applicable to the loans do not comply with the Truth in Lending Act (hereafter "TILA"), 15 U.S.C. § 1601, and Regulation Z, 12 C.F.R. § 226 because they fail to fully identify the index to which the variable interest rate is tied.

Plaintiffs asserted five claims for relief in the first amended complaint. Defendants moved to dismiss the complaint in its entirety. The Court granted the motion with respect to all claims other than the TILA claim and ordered plaintiffs to file a more definite statement with regard to their claim under Ohio's Retail Installment Sales Act, O.R.C. § 1317, et seq. ("RISA"). Plaintiffs then filed the second amended complaint, which clarified their claim under RISA. In response, defendants filed a second motion to dismiss, arguing that the National Bank Act preempts RISA. The Court granted defendants' motion. Thereafter, plaintiffs moved for class certification. The motion was granted as to the TILA claim and ruled moot as to the RISA claim. Plaintiffs essentially sought reconsideration of the Court's class certification ruling with respect to the RISA claim, which was denied. Key and plaintiffs cross-moved for summary judgment on

the TILA claim.[1]  The Court granted plaintiffs' motion and denied the summary judgment motion filed by defendant.

The parties could not agree on the content of the class notice to be distributed to class members.  As a result, plaintiffs filed a motion with the court for approval of class notice.  Before the Court ruled on the motion, the parties reached an agreement with respect to the notice and also reached a settlement in principal as to liability.  The Court approved the settlement after a fairness hearing.  The settlement included an award of statutory damages to each plaintiff in the amount of $1500.00.  Defendant approximates that this award will total $73,500.00.  In addition, the parties agreed that the Court would determine an award of attorneys' fees and expenses related to the successful pursuit of the alleged TILA violation.  Thereafter, plaintiffs filed the instant motion seeking to recover attorneys' fees and expenses in the amount of $260,432.74.[2]  Defendant opposes the motion and seeks a reduction in the amount to be awarded.

**DISCUSSION**

Pursuant to TILA, a successful litigant is entitled to an award of reasonable attorneys' fees and costs.  See 15 U.S.C. § 1640(a)(3).  "When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as

---

[1]  Key is the only defendant named in the TILA claim.  Accordingly, the Court dismissed the remaining parties.  All references to "defendant" appearing in this opinion refer to Key.

[2]  The initial motion, which was filed prior to the fairness hearing, sought fees totaling $237,191.75 and expenses in the amount of $12,483.62.  Plaintiffs supplemented their motion to include additional fees and expenses incurred after the filing of the motion.  Although defendant objects to the amounts contained in the initial motion, they have not opposed the additional amounts.

3

for the results achieved." *Daenzer v. Wayland Ford, Inc.*, 2003 WL 22414966 at *1 (W.D. Mich. Sept. 25, 2003)(*quoting Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)).

> One method of calculating damages is via the 'lodestar' method, in which the court first calculates the number of hours reasonably spent on the case multiplied by a reasonable hourly rate, then adjusts that rate in light of other circumstances surrounding the case at hand. This method has become part of the settled law and has been used widely in the Sixth Circuit.

*Id.* (internal citations and quotations omitted).

In this case, plaintiffs ask the Court to apply the lodestar method in ascertaining a reasonable fee award. In support of their motion, counsel for plaintiffs supply various affidavits from the attorneys who performed work on this case. The affidavits are supported by billing invoices containing time entries and descriptions of the work performed. According to the affidavits, the number of hours plaintiffs' counsel and agents[3] worked totals 770.12. The bulk of this work, however, was performed by two attorneys, i.e., J. Daniel Clark and Christopher Casper. According to the affidavit, time spent by these attorneys accounts for 608.63 of the 770.12 hours worked. With regard to a "reasonable rate," these two attorneys aver that a rate of $325.00 per hour and $375.00 per hour respectively is reasonable given their expertise and experience.[4] In addition, Casper indicates that several other courts have approved his rate in the

---

[3] This case is a consolidation of several cases filed in various areas of the country. As such, a number of attorneys performed work on this case. In addition, plaintiffs seek fees for work performed by paralegals, an investigator, a CPA and two law clerks.

[4] Rates for other attorneys working on this case range from $120.00 to $300.00 an hour. Although this Court has some concern as to the reasonableness of $325.00 and $375.00 per hour given the number of years these attorneys have been in practice, defendants

class action context.  In total, plaintiffs seek an award of $245,974.25 in fees.

Defendant opposes plaintiffs' motion in limited fashion.  Defendant does not dispute that plaintiffs are entitled to an award of fees.  Nor does defendant dispute that the hourly rates sought by plaintiffs are reasonable.  Rather, defendant asks for a reduction in fees on the following grounds,

- the number of hours for which counsel seek fees improperly includes hours spent on non-TILA work;

- counsel for plaintiffs failed to apportion their tasks;

- fees incurred after defendants' offer of judgment should not be awarded.

The Court will address each of the aforementioned issues separately.

With regard to the inclusion of non-TILA related hours, defendant argues that the statute expressly provides for attorneys' fees only for work associated with the successful prosecution of the TILA claim.  Defendant further claims that plaintiffs were not successful on their RISA claim.  Thus, defendant asks the Court to exclude fees expressly related to the prosecution of the RISA claim.  As a result, defendant seeks a $23,920.50 reduction in the fee request.  Plaintiffs argue that a reduction is not proper because the settlement necessarily included recovery for the RISA claim.  Specifically, plaintiffs point out that the maximum recovery permitted under TILA is $1000 per plaintiff.  By agreeing to settle the case for $1500 per plaintiff, defendant must have recognized that a portion of the settlement covered the RISA claim.  Specifically, plaintiffs

---

do not raise this issue.  Notably, plaintiffs' Ohio counsel, who has significantly more class action experience, charged only $300.00 per hour.  While the Court recognizes its independent obligation to review fee requests, the Court cannot say that the rates charged are per se unreasonable.

indicate that, absent a settlement, they would have appealed this Court's ruling granting defendants' motion to dismiss.  In essence, plaintiffs argue that they are entitled to recover attorneys' fees for prosecuting the RISA claim.

Upon review of the parties' arguments, the Court finds that plaintiffs' request for fees must be reduced by the amount attributable to the RISA claim.  TILA allows for a recovery of fees for successfully prosecuting a claim under that statute.  Even assuming TILA could be read to require a fee award for state law claims asserted in the context of a TILA action, the Court finds that an award of fees would nonetheless be inappropriate in this case.  This Court dismissed plaintiffs' RISA claim as preempted by the National Bank Act.  As such, the Court finds that prosecution of that claim did not "achieve any benefit" to the plaintiffs.   Although plaintiffs insist that some portion of the settlement necessarily includes recovery for a state law claim, the Court finds that this contention is belied by the settlement agreement approved by this Court.  That agreement provides, in relevant part,

> It is understood between Plaintiffs and Settling Defendants that Settlement Class Counsel will apply to the Court to seek an award of attorneys' fees and reimbursement of Settlement Class Counsel's expenses related to their successful pursuit of the alleged violation of 15 U.S.C. § 1638(a)(4).

Notably, the settlement agreement does not indicate that fees will be sought for any alleged violation of RISA.  As such, the Court will not award fees for work incurred in the unsuccessful prosecution of the RISA claim and plaintiffs' request for a reduction in the amount of $23,920.50 is granted.

Next defendant claims that plaintiffs' counsel failed to apportion their tasks.  For example, counsel provides time entries such as "research state and federal violations."

According to defendant, these entries do not properly divide time between the successful TILA claim and the unsuccessful claims. Defendant provides the Court with a chart detailing the "non-apportioned" time entries. According to defendant, 90.1 hours of time, totaling $25,112.50 involve non-apportioned tasks. Thus, defendant asks that "some portion" of this amount be reduced. In response, plaintiffs appear to misunderstand defendant's argument. Plaintiffs essentially argue that they did not engage in duplicative billing and that there is nothing inherently wrong with more than one law firm representing a party. Thus, it appears to the Court that plaintiffs construed defendant's argument as a challenge to the apportionment of fees among attorneys, rather than an apportionment of the time among claims.

Upon review of the parties' arguments and in light of the conclusion above, the Court finds that a reduction in fees is required as a result of counsel's failure to apportion fees between claims. Based on a review of the entries, it is evident that at least a portion of the entries identified by defendant involves time spent prosecuting unsuccessful claims. According to defendant, the non-apportioned entries total $25,112.50. Defendant suggests that "at least some portion" of this amount should be reduced, although no specific amount is requested. In response, plaintiffs fail to submit further detail describing the nature of this portion of the fee request. As the party seeking fees, plaintiffs have the burden to submit properly documented billing records. Having failed to do so, this Court finds that plaintiffs are not entitled to recover any portion of fees for non-apportioned tasks. This Court will not guess as to which portion of these fees relates to the TILA claim. Accordingly, the fee request will be reduced by an additional $25,112.50.

Defendant also argues that "other factors" militate in favor of a reduction in the fee

request. For example, defendant points out that the total amount of recovery in this case is only $73,500, yet plaintiffs seek fees in excess of three times this amount. Defendant further argues that the TILA claim at issue in this case did not involve a novel or difficult concept. Defendant, however, offers no suggestion as to the amount of an appropriate reduction. Defendant also indicates that it made an offer of judgment in this case in the amount of $1500 per plaintiff prior to the filing of summary judgment motions. According to defendant, the offer of judgment is the same as the amount eventually accepted by plaintiffs in settlement of their claims. As a result, defendant claims that attorneys' fees incurred at the summary judgment stage should not be awarded. The chart provided by defendant indicates that this amount totals $15,242.50. Plaintiffs argue that the offer of judgment was for an amount less than the amount plaintiffs ultimately recovered in this case. According to plaintiffs, the $1500 offer of judgment did not include attorneys' fees. The settlement, on the other hand, provides each plaintiff with $1500 and includes payment of attorneys' fees.

Upon review of defendant's argument, the Court finds that no further reduction would be appropriate. Although defendant suggests that the Court should consider the amount of recovery in connection with an appropriate award of fees, defendant fails to articulate any appropriate reduction. Certainly defense counsel, who worked closely with plaintiffs' counsel throughout this case, is in a much better position to suggest a reduction than is this Court. Other than simply guessing, the Court has no basis on which to reduce the award. Moreover, the Court rejects defendant's request to limit the fee amount to only those fees incurred before the offer of judgment. As plaintiffs point out, the offer of judgment did not include fees and, as such, is not equivalent to the amount plaintiffs eventually obtained in settlement.

Plaintiffs also seek $14,458.49 in costs.  Defendant does not dispute that plaintiffs are entitled to recover this amount.  The Court has reviewed the costs sought by plaintiffs and finds $14,458.49 to be reasonable.  Accordingly, plaintiffs' motion for costs is granted in its entirety.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Award of Attorneys' Fees is GRANTED.  The Court hereby awards attorneys' fees in the amount of $196,941.25 and costs in the amount of $14,458.49.

IT IS SO ORDERED.


　　　　　　　　　　　　　　　　 /s/ Patricia A. Gaughan
　　　　　　　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　United States District Judge


Dated: 9/12/05